453 F.Supp.2d 1205 (2006)
Gary DAVIS, an individual, on behalf of himself, and as Private Attorney General, and on behalf of all others similarly situated, Plaintiff,
v.
CHASE BANK U.S.A., N.A., a Delaware corporation; Circuit City Stores, Inc., a Virginia corporation, Defendants.
No. CV 06 04804 DDP PJWX.
United States District Court, C.D. California.
September 20, 2006.
*1206 Drew E. Pomerance, Erin Michelle Labrache, Michael G. Kline, Roxborough Pomerance & Nye, Woodland Hilss, CA, for Plaintiff.
David W. Moon, Julia B Strickland, Nancy M. Lee, Stephen J. Newman, Stroock Stroock & Lavan, Los Angeles, CA, Peter E. Glick, Peter E. Glick Law Offices, Sacramento, CA, for Defendants.

ORDER FINDING REMOVAL PROPER
PREGERSON, District Judge.
This matter comes before the Court upon its own Order to Show Cause regarding subject matter jurisdiction in this removed case. Upon reviewing the papers submitted by the parties, the Court finds that removal was proper.
*1207 I. BACKGROUND
Circuit City Stores, Inc. ("Circuit City") offers a Chase Bank USA, N.A. ("Chase") credit card (the "Rewards Card") to California residents who use the card to make purchases at Circuit City Stores. Through the Rewards Card, Chase and Circuit City provide customers with certain benefits, such as rewards points redeemable at Circuit City Stores. Earlier this year, Chase and Circuit City also advertised that Rewards Card holders who made promotional purchases within a specific time frame would pay no immediate interest on those purchases.
On March 3, 2006, Gary Davis ("Davis") purchased a television set from Circuit City, charging $2,000 to his Rewards Card. Circuit City and Chase treated the item as a promotional purchase, and granted Davis a "term of no interest" from the date of purchase until January 2008.
Prior to Davis' purchase of the television, Chase billed Davis for other Rewards Card purchases made between January 14, 2006, and February 13, 2006. Davis alleges he paid this bill in full and on time, on March 10, 2006.
Sometime after March 13, 2006, Plaintiff received his monthly statement from Chase for the purchases he made between February 14, 2006, and March 13, 2006. A $77.25 finance charge appeared on this statement. Davis alleges that Chase and Circuit City improperly assessed the finance charge by applying the entire amount of his March 10 payment against his $2,000 interest-free promotional purchase, when it should have been applied to his interest-accruing February balance. Davis further alleges that Chase and Circuit City assessed similar finance charges against thousands of other Rewards Card holders.
On June 26, 2006, Davis brought this class action against Chase and Circuit City, seeking, inter alia: (1) compensatory damages; (2) restitution and disgorgement; (3) punitive damages; (4) attorneys' fees; and (5) an injunction prohibiting Chase from prioritizing the application of payments to promotional purchases. On August 9, 2006, Chase and Circuit City jointly removed the case to this Court, alleging that the aggregate of the claims exceeds 85,000,000, and thus removal is proper under the Class Action Fairness Act of 2005 ("CAFA").
The Court issued an Order to Show Cause, requesting further briefing on whether the aggregate exceeds $5,000,000. In his Return, Davis argued that, even if the aggregate exceeds the threshold amount, the securities exception to CAFA applies, requiring the Court to remand the case. The Court ordered further briefing on the securities exception.
Accordingly, the issues presented are: 1) whether the amount in controversy exceeds $5,000,000; and, if it does; 2) whether the CAFA securities exception applies.
II. DISCUSSION
A. Legal Standard
CAFA "vests the district court with `original jurisdiction' of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [the action] is a class action in which the parties satisfy, among other requirements, minimal diversity." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir.2006)(quoting 28 U.S.C. § 1332(d)). CAFA expressly requires that the claims of individual members shall be aggregated to determine the amount in controversy. 28 U.S.C. § 1332(d)(6).
*1208 Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a pre ponderance of the evidence that the amount in controversy requirement has been met. Abrego, 443 F.3d at 683. Under this standard, "the defendant must provide evidence that it is `more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." Id. (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996). In its discretion, a district court may accept certain post-removal admissions as determinative of the amount in controversy. Id. at 690-91; see also Singer v. State Farm Mut. Automobile Ins. Co., 116 F.3d 373, 376 (9th Cir.1997).
However, even where the removing defendant demonstrates that the threshold requirements of CAFA are met, certain CAFA exceptions may still prevent removal:
[Section 1332(d)(2) ("CAFA")] shall not apply to any class action that solely involves a claim . . . [that] relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 and the regulations thereunder).
28 U.S.C. §§ 1332(d)(9)(A); 1332(d)(9)(C); (internal citations omitted).
This provision, the so-called "securities exception," turns on the definition of a "security" under the Securities Act of 1933. Section (2)(a)(1) of the Securities Act of 1933 defines "security" as follows:
The term "security" means any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, votingtrust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights . . .
15 U.S.C. 77b(a)(1)(emphasis added).
In the broadest sense, a "security" is an instrument that "might be sold as an investment." Reyes v. Ernst & Young, 494 U.S. 56, 61, 110 S.Ct. 945, 108 L.Ed.2d 47 (1990). Under the 1933 Act, "evidence of indebtedness" is a term of art that usually connotes an original instrument that itself may be traded, not merely a reference to the existence of debt. Gilbert Family P'ship v. Nido Corp., 679 F.Supp. 679, 684 (E.D.Mich.1988).
B. Analysis
In deciding whether removal was proper, the Court must first determine whether this case meets the threshold requirements of CAFA. Davis is a California citizen, Chase is a Delaware citizen, Circuit City is a Virginia citizen; therefore, the "minimal diversity" requirement is met. If the amount in controversy exceeds $5,000,000, CAFA jurisdiction will be proper, providing no exceptions apply.
Davis argues that, in their notice of removal, Chase and Circuit City did not provide evidence of the number of California residents who used Rewards Cards or the amount of finance charges assessed. However, in their Returns on the Order to Show Cause, Chase and Circuit City provide the missing evidence, and demonstrate that the aggregate of the claims will likely exceed $20,000,000, an amount far above the threshold requirement. Davis provides no evidence that their calculations are incorrect, and, given the allegations, this amount seems a reasonable estimate. Thus, it is "more likely than not" that removal was proper.
*1209 Moreover, Davis' counsel admits in a post-removal letter that "plaintiff certainly alleges that the amount in controversy exceeds the threshold amount." (Declaration of David W. Moon in Support of Chase's Return to Order to Show Cause Regarding Subject Matter Jurisdiction, Ex. A, 1) A court may consider post-removal admissions contained in correspondence between counsel in determining the amount in controversy. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir.2002). Here, Davis has admitted that it believes the amount in controversy exceeds $5,000,000. Despite Davis' assertions to the contrary, no real dispute exists as to the amount in controversy, and defendants have satisfied their initial burden of removal under CAFA.
The only remaining issue is whether the class action "solely" involves a "claim concerning a security." Davis argues that every cause of action in the Complaint arises from Chase and Circuit City's practice of unlawfully assessing finance charges pursuant to the Rewards Card Agreement (the "Agreement"). Under the. Agreement, the Rewards Card holder is deemed to grant Chase a "purchase money security interest under the Uniform Commercial Code in each item of merchandise purchased." (Declaration of Gary Davis Filed in Support of his Memorandum of Points and Authorities Regarding the Order to Show Cause, § 2, Ex. A.) Davis argues that the Agreement itself, as "evidence of indebtedness," constitutes a "security." Davis further concludes that because the credit issued by Chase constitutes an agreement to loan money to Davis, in return' for Davis' agreement to pay the money back within a certain time frame, it constitutes a "security" pursuant to 15 U.S.C. § 77(b)(a)(1).
However, as Chase argues, credit card agreements and billing statements cannot be considered "securities" under the 1933 Act. Reviewing the definition of "security" under the Act, it is clear that credit card agreements, billing statements, and finance charges are not what Congress had in mind when it provided examples of "securities". Nor do they function as securities in the traditional sense of the word. They are not sold or marketed as investments. They are subject to alternate regulatory schemes, such as the Truth in Lending Act, the Fair Credit Billing Act, and the Fair Credit Reporting Act. Given these differences, the Court concludes that they cannot be deemed "securities" under 15 U.S.C. § 77(b)(a)(1).
Additionally, the claims in this case do not "solely" involve a claim relating to the rights, duties, and obligations relating to or created by or pursuant to any security. The Complaint alleges breaches of the California Consumer Legal Remedies Act, the California Unfair Competition Business Law, and the California Business and Professions Code. Plaintiffs' claims are those of consumer fraud, not securities fraud. Characterizing this case as "securities litigation" would be disingenuous at best.
Davis reads much into the term "evidence of indebtedness," and urges the Court to construe this term in the broadest sense possible. However, even reading the term liberally, the Court would be hard pressed to find that claims regarding finance charges on credit cards constitute the type of "evidence of indebtedness" Congress intended to connote a "security." Therefore, the Court finds that this case does not fall under the securities exception to CAFA.
Circuit City also argues that, in spite of the general rule that the removing party bears the burden of proof with regard to establishing federal court jurisdiction, Davis, the plaintiff, should bear the burden of proof with regards to CAFA exceptions. *1210 Analogizing to cases in the Fifth and Eleventh Circuits involving other exceptions to CAFA jurisdiction, Circuit City contends that, should the Court find itself unpersuaded by the arguments offered by either party, Davis, as the bearer of the burden, must lose on this issue.
CAFA has been in effect for less than two years. No court has dealt specifically with the 1332(d)(9)(C) securities exception, and the Ninth Circuit has not yet ruled on whether the non-removing party bears the burden on CAFA exceptions. A Ninth Circuit decision to follow the reasoning of the Fifth and Eleventh Circuits would likely play an important role in CAFA litigation. However, the Court need not make that decision here. Even presuming Chase and Circuit City bear the burden of proof on the securities exception, as detailed above, they have met that burden. Thus, under traditional removal analysis, the Court has subject matter jurisdiction over this case.
III. CONCLUSION
For the foregoing reasons, the Court finds that removal was proper.
IT IS SO ORDERED.